IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CLARISSA A. FARRIS,

           Plaintiff,

v.                                                   CIV 99-427 JP/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

           Defendant.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter came before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision *(Doc. 10)*. The Commissioner of Social Security issued a final decision denying Farris's application for disability insurance benefits. Having reviewed the administrative record, the motion, the parties' arguments, legal memoranda and the relevant authorities, I find that the motion is well taken and recommend that this case be remanded.

### A. Facts/Procedural Background

      Clarissa Farris ("Farris"), now 67 years old, applied for supplemental security income benefits and disability insurance benefits on October 16, 1995. She alleged disability beginning August 20, 1987 from physical and mental impairments including agoraphobia and depression. *AR 13, 45-48*. A senior staff attorney with the Social Security Administration issued a decision in her favor without a hearing July 17, 1996. *AR 64-69*. The Appeals Council, however, vacated

1

that decision as to the disability insurance benefits, stating that the record did not demonstrate any significant impairments before December 1990.[1]  Because Plaintiff was required to establish disability prior to March 31, 1988 (the date that she last met the insured status requirements for Title II benefits), the Appeals Council remanded the case to an administrative law judge ("ALJ"). *AR 77-83*.

The ALJ conducted a hearing August 29, 1997, and concluded that Farris was not entitled to disability insurance benefits.  *AR 9-17*.  The Appeals Council declined to review the ALJ's decision, making it the final decision of the Commissioner for purposes of review here under 42 U.S.C. § 405(g).

### B.  Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### C.  Issues

To qualify for disability insurance benefits, a claimant must establish that she met the definition of "disabled" during the time when she met the insured status requirements. *See Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (a severe physical or mental

---

[1] The Appeals Council did not disturb the award of supplemental security income.

impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity). Farris alleges three errors by the ALJ in denying her benefits: (1) the determination of the date of her disability onset; (2) the failure to obtain a medical advisor to aid in determining the onset date of her mental impairment; and, (3) the lack of weight the ALJ assigned to the lay witness testimony concerning Plaintiff's mental impairment.

As an initial matter, the Commissioner argues that Farris has waived review of these issues by failing to bring them to the attention of the Appeals Council. *See James v. Chater*, 96 F.3d 1341 (10th Cir. 1996). Since the briefing, however, the Supreme Court rejected such waiver arguments in *Sims v. Apfel*, 530 U.S. ___, 2000 WL 712806 (2000) (overruling *James*).

### D. Discussion.

In the 1998 decision, the ALJ found a "'severe' impairment or combination of impairments: post traumatic stress syndrome, depression, agoraphobic tendencies, chronic recurrent colon polyps, multiple surgeries and resection of the colon, low back joint and disc disease, and chronic pulmonary disease." *AR 13*. However, the ALJ determined the date of onset of disability to be December 21, 1990, which apparently correlates to a colonoscopy revealing the need for the bowel resection.

Farris does not dispute that she bore the burden of showing that she was disabled no later than March 31, 1988, but contends that she was disabled by her mental illness prior to that date. Plaintiff concedes that there is a "shortage" of medical evidence prior to 1988 on her mental

disorders.[2]  She asserts, however, that lack of available treatment options for her symptoms (most notably isolation, fear of leaving home and panic attacks) help to account for the scarcity of medical documentation of her mental disorder.

Where medical evidence concerning an impairment is ambiguous or the onset date must be inferred, the ALJ should consult a medical advisor.  *See* Social Security Ruling 83-20.[3]  The Commissioner argues, however, that <u>medical</u> evidence of her impairment before 1990 is not ambiguous, it is absent.  Indeed, no medical evidence during or concerning the relevant time period has been produced that demonstrates that Farris was disabled by her mental illness alone or when combined with other physical impairments as of March 1988.

Nevertheless,  I don't believe that the absence of medical evidence should end the inquiry given the unique situation posed by this case.

> Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence.  These factors are often evaluated together to arrive at the onset date.  However, the individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) as shown by the medical

---

[2] The Commissioner maintains that the scarce medical evidence that is presented  actually supports the ALJ's determination at Step Two of the disability analysis that Plaintiff was ***not*** disabled until after that date.  For example, the 1996 mental residual functional capacity assessment performed by Dr. Rayme Romanik notes that Ms. Farris had become progressively more isolated since 1991.  *AR 280.*  Arguably, a December 21, 1995 mental RFC assessment found that she "has the ability to engage in: simple low-stress, non-public work."  *AR 262.*

[3] "When the date of onset is ambiguous, SSR 83-20 suggests that the ALJ seek the services of a medical advisor:  'At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.'  In fact, many courts have held that the services of a medical advisor are mandated in such instances." *Mason v. Apfel*, 2 F. Supp.2d 142, 149 (D. Mass. 1998).  *See also, Bailey v. Chater*, 68 F.3d 75, 79 (4th Cir.1995); *Spellman v. Shalala*, 1 F.3d 357, 363 (5th Cir.1993); *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir.1991).

evidence.

Social Security Ruling  83-20.  *See also Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir.1989). Here, the ALJ heavily relied upon Farris' "work history" to refute her allegation of disability onset date.

As noted above, "[t]he day the impairment caused the individual to stop work  is frequently of great significance in selecting the proper onset date." *See* Social Security Ruling 83-20.  Ms. Farris signed a document indicating that she worked as an apartment manager for approximately three years until she moved from Oregon to Maine in August 1990.  The ALJ expressly noted that the affidavit of claimant's daughter established that Farris was working throughout 1998.  *AR 13*. The ALJ virtually ignored the remainder of the affidavit, however, which indicated that her mother "did not handle [the managing job] appropriately" and that her father "would always have to pick up the slack." *AR 310.*  Indeed, other lay witnesses testified that Plaintiff required the assistance of her husband in performing many, if not most, of the manager duties.

Thus, the lay witness evidence casts doubt on whether Ms. Farris had indeed been able to do basic work activities prior to her date of last insured status.  Farris faults the ALJ for apparently discounting the lay witnesses and written lay opinions that generally characterized Farris' mental illnesses as disabling during the relevant time frame.  *AR 296-310.*  As Plaintiff points out, the Commissioner's own regulations hold lay evidence to be competent.  S*ee* 20 C.F.R. §404.1413(e).

Yet, an ALJ is not required to reject medical evidence in favor of the lay evidence.  To the contrary, "[t]he impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record."  Social Security Ruling 83-20.  In this case, however, there was no medical evidence during the relevant time period to contradict.  Although it

5

is true that symptoms alone cannot constitute a medically determinable impairment, *see* Social Security Ruling 96-4p, even the ALJ determined that Ms. Farris now suffers from a disabling mental illness. The issue is not whether the illness is disabling, but <u>when</u> it became disabling.

> It is self-evident that mental illness usually proceeds along a slow and progressive course. *See Morgan v. Sullivan*, 945 F.2d 1079, 1082 (9th Cir.1991) ("Mental disorders may manifest themselves over a period of time.") As SSR 83-20 recognizes, the onset date of a mental, as distinct from a physical, illness can be particularly problematical. . . .   Chronic mental impairments of the type suffered by Plaintiff must be examined longitudinally. Cf. 20 C.F.R. pt. 404 Appendix I to Subpart P, § 12.00(E). "[T]he fact that [P]laintiff was not treated for h[er] symptoms until long after the symptoms first appeared does not preclude the possibility that [P]laintiff became disabled before [s]he received treatment."

*Mason*, 2 F. Supp.2d at 149 (quoting *Ott v. Chater*, 899 F. Supp. 550, 553 (D. Kan.1995).

A claimant bears the initial burden of proving disability. *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir.1993); §20 C.F.R. 416.912(a). Although there is a duty to develop the record, "it is not the ALJ's duty to become the claimant's advocate." *Henrie,* 13 F.3d at 361. The ALJ's duty is only "one of inquiry and factual development." *Id*. Given the lack of medical evidence for the relevant time period in the context of ambiguous evidence as to her actual ability to work due to her mental illness, however, the ALJ was required to infer the date of disability onset on what appears to be an insufficiently developed and confusing record. Given these factors, the ALJ should have consulted a medical advisor to aid in determining the elusive onset date of her disability.

## E.  Conclusion

For the foregoing reasons I recommend that the Court grant Farris's Motion and remand this case for the ALJ to obtain the assistance of a medical consultant in determination of the

disability onset date and more factual development, if required. Objections to the foregoing may be timely made pursuant to 28 U.S.C. § 636(b)(1).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**     Dorsett C. Bennett
                               Roswell, NM

**Counsel for Defendant:**     Raymond Hamilton
                               Albuquerque, NM

                               Eric Tucker
                               Dallas, TX